### Wilkinson, Administrator v. May, Jr., et al.

(Decided March 20, 1923.)

### Appeal from Floyd Circuit Court.

1. Wills—Devise Held to Give Son Defeasible Fee in Half of the Estate.—A will giving the estate to testator's wife subject to the provisions that if a child was thereafter born it should have half of the estate, that if the wife desired to sell the interest of the child she might do so, and that if the child died during infancy while the wife was alive its estate should be the wife's property in fee simple, did not give the wife the absolute power of disposing of the estate so as to give her the right to dispose of it by

will, but gave a defeasible fee in one-half of the estate to the after-born child subject to be defeated by his death in infancy.

2.  Wills—Power to Sell Son's Interest Held Merely to Make Wife Trustee with Unlimited Power to Sell for Son's Benefit.—A provision in a will, which had given half of the estate to testator's wife and half to their child, that the wife might sell the interest of the child if she saw fit to do so, did not give her power to dispose of the property as her own, but made her a trustee of the child's interest with unlimited power to use the property for his benefit.

JOSEPH D. HARKINS for appellant.

A. J. MAY, JOHN C. HOPKINS and W. H. LAYNE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This appeal involves the construction of the wills of Col. A. J. May and that of Mrs. Nellie B. D. Wilkinson, and the settlement of the estate of the latter.

Before discussing the points involved we feel it well to preface with a short statement of the relation of the parties and the present condition of the estate.

In the year 1902, Col. A. J. May, a highly prosperous lawyer living at Tazewell, Va., become engaged to Miss Nellie B. Davidson, and executed an antenuptial contract in which he gave to her one-half of his "Tazewell farm," silver plate and household effects and the sum of $10,000.00 to be secured on any part of the estate she desired.

They were married in July, and on the 6th of February, 1903, Col. May executed a holographic will, the part necessary to to be considered reading as follows:

"First.  I give, bequeath and devise unto my wife N. B. D. May all of my estate, real and personal, subject to the following provisions:

"First.  In the event a child shall hereafter be born to myself and wife, said child shall have one undivided half of my estate, in fee simple.

"Second.  If at any time during the infancy of such child my wife desires to sell and convey the interest of such child in said estate she is hereby authorized and empowered to sell and convey said child's interest in said estate, or any part thereof, and dispose of the proceeds of such sale as she deems proper.

"Third.  If such child should die during its infancy, and my wife is then alive, the estate of such child shall vest in and be the property in fee simple of my said wife.

"I hereby constitute my wife as executrix, and request that she be permitted to qualify as such without giving bond. Given under my hand the date above written."

In May following a son was born to the couple, who was named Colonel May, Jr., and a few months thereafter, Colonel May, Sr., died. The heirs-at-law of Colonel May contested his will, and by agreement of counsel with the approval of the court the contest was compromised.

Subsequent to that Mrs. May took entire charge of the property, which consisted of the "Tazewell farm," cash in bank, stock in banks and mining companies, some of which she sold, all investments thereafter being in her own name. The "Tazewell farm" brought $32,000.00 and the bank stock $6,000.00. In the meantime she had moved to Prestonsburg, Ky., where she built a nice residence and devoted herself to the care and nurture of Colonel May, Jr.

In the year 1914 she married again, her second husband being Thomas W. Wilkinson, with whom she entered into an antenuptial contract by which each relinquished all right in the property of the other that might result from the marriage relation; and before the marriage she also executed a will in which she stated that all of her estate was acquired by her former marriage and acting under a sense of duty she devised all of her property of every kind to little Colonel May.

In October, 1917, this union was blessed with a son who was christened Richard Lonsdale Wilkinson, and one year thereafter Mrs. Wilkinson died.

This suit was brought by Thomas W. Wilkinson for the purpose of settling her estate as above indicated. Colonel May and Richard Lonsdale Wilkinson were made defendants, and each through his guardian filed an answer, asserting his construction of the will. The latter claims that the phrase, "she is hereby authorized and empowered to sell said child's interest in said estate or any part thereof and dispose of the proceeds of such sale as she may deem proper," gave to her the unlimited power to dispose of same by deed or will, thus constituting a fee, at least when so exercised during the infancy of Colonel May, and that she did attempt to exercise that power long before the birth of Richard Lonsdale Wilkinson and without provision for him; that he is a pretermitted child and under the provisions of section 4847-8,

Ky. Statutes, he takes the same part of her estate that he would have inherited if she had died intestate.

We cannot approve of this construction; the meaning of the testator is obvious. The wife was given one-half of his estate in fee, and the whole estate if no child was born. In the event of the birth of a child it was given the other half, but if it died in infancy and the mother was then living she was to receive its share also. So Colonel May, Jr., took a qualified fee in his share, subject to be defeated by his death in infancy.

While if the wife desired she was empowered to sell and convey the child's interest in the estate and to dispose of the proceeds of the same as she deemed proper, the testator limited the character of her control, showing that the estate was to be recognized as the *child's interest,* thus negativing the idea that she was to exercise actual ownership, his intention being to constitute her a trustee with unlimited power in the use of the property for the benefit of the *cestui que trust.* Under this construction of the three papers the widow was under the antenuptial contract entitled to one-half of the "Tazewell farm," silver plate, household and kitchen furniture, and the sum of $10,000.00 to be paid out of her husband's estate; and by her husband's will was devised one-half of his estate after excluding the above.

By the provisions of the statute, *supra,* her son Richard, as a pretermitted child, inherited from her as if she had died intestate, viz., one-half of her estate. Young Colonel May took under the will of his father one-half the net value of his estate, and also the same from his mother's estate. This was the construction given by the chancellor.

In the settlement of the estates Mrs. Wilkinson was charged with one-half the proceeds of the Tazewell farm and with all sums received by her from the sale of other various properties formerly owned by Colonel May and with all dividends collected by her on the various stocks left by him, with interest from their dates. She was credited by the attorney's fees in the will litigation, and by the $10,000.00 due her on the marriage contract as of those dates and a judgment awarded in favor of little Colonel May against her estate for one-half the remainder. It appearing that the silver plate is still held by the estate it was directed that it and all stocks and bonds remaining in specie as left by Colonel May should be divided between little Colonel May and his mother's estate,

Mrs. Wilkinson's estate was charged with everything she received from her husband's estate with interest; and it appearing that she invested same in her own name, it was held that her estate was entitled to such investments without further accounting. No question being raised in brief of appellant's counsel as to the correctness of the judgment except as to the construction of the will.

Judgment affirmed.